HERTZ CORPORATION (SUCCESSOR TO
J. FRANK CONNOR, INC.) *v.*
UNITED STATES.

No. 283. Argued March 30, 1960.—Decided June 27, 1960.

*Edgar Bernhard* argued the cause for petitioner. With him on the brief were *Roswell Magill, Harry N. Wyatt, Donald J. Yellon* and *John C. Klett, Jr.*

*Howard A. Heffron* argued the cause for the United States. On the brief were *Solicitor General Rankin, Assistant Attorney General Rice, Ralph S. Spritzer, I. Henry Kutz* and *Myron C. Baum.*

MR. JUSTICE CLARK delivered the opinion of the Court.

This case, like No. 141, *Massey Motors, Inc.*, v. *United States,* and No. 143, *Commissioner* v. *Evans,* both decided today, *ante,* p. 92, involves the depreciation allowable on cars and trucks used by petitioner's predecessor in its automobile rental business during the years 1954–1956, inclusive. The taxpayer elected to avail itself of the accelerated method of depreciation provided in § 167 (b) (2)[1] of the Internal Revenue Code of 1954—known as

---

[1] The statute provides:

"(b) . . . the term 'reasonable allowance' . . . shall include . . . an allowance computed in accordance with regulations prescribed by the Secretary or his delegate, under any of the following methods:

"(1) the straight line method,

"(2) the declining balance method, using a rate not exceeding twice the rate which would have been used had the annual allowance been computed under the method described in paragraph (1), . . . ."

The applicable regulation provides:

"§ 1.167 (b)–2. DECLINING BALANCE METHOD.—(a) *Application of method.*—Under the declining balance method a uniform rate is applied each year to the unrecovered cost or other basis of the property. The unrecovered cost or other basis is the basis provided by section 167 (f), adjusted for depreciation previously allowed or allowable, and for all other adjustments provided by section 1016 and other applicable provisions of law. The declining balance rate may be determined without resort to formula. Such rate determined under section 167 (b) (2) shall not exceed twice the appropriate straight line rate computed without adjustment for salvage. While salvage is not taken into account in determining the

"the declining balance method." Section 167 (c) of the Code limits the use of this method to property "with a useful life of 3 years or more." The applicable Treasury Regulations on Depreciation, § 1.167 (a)–1 (b), T. D. 6182, 1956–1 Cum. Bull. 98, issued in 1956, define useful life as the "period over which the asset may reasonably be expected to be useful to the taxpayer in his trade or business . . . ." Admittedly, if this regulation is valid, taxpayer's passenger cars covered by it would not meet the three-year requirement of § 167 (c). The Commissioner denied the petitioner the right to use the declining balance method as to those cars. What we have said in *Massey* and *Evans, supra,* disposes of the contention as to the meaning of "useful life" here. We therefore hold, as did the Court of Appeals, 268 F. 2d 604, that the regulation as to "useful life" involved here is valid and applicable to petitioner.

The remaining issues pose questions that relate to the depreciation on the trucks of the taxpayer which concededly had a useful life in excess of three years and were therefore subject to depreciation under the declining balance method authorized under § 167 (b)(2). Section 1.167 (a)–1 (b), issued in 1956 and subsequent to some of the tax years involved in petitioner's claim, was applied by the Commissioner. He ruled that the salvage value of the trucks at the time of disposition must be accounted for in the depreciation equation. Petitioner contended that this resulted in a retroactive application of the regulation and, in any event, it was invalid because it was not authorized under the 1954 Code. After petitioner paid the assessed tax and was

---

annual allowances under this method, in no event shall an asset (or an account) be depreciated below a reasonable salvage value. See section 167 (c) and § 1.167 (c)–1 for restrictions on the use of the declining balance method."

denied a refund, this case was filed. The trial court held in favor of petitioner, but the Court of Appeals reversed. It held that the regulation applied and was not retroactive because it was only declaratory of existing law and that salvage value must be computed in the depreciation equation. We granted certiorari, 361 U. S. 811, and heard the case as a companion to *Massey* and *Evans, supra.* We agree with the result reached by the Court of Appeals.

Petitioner succeeded J. Frank Connor, Inc., by merger in July 1956; the taxes accrued against Connor during the fiscal years 1954, 1955, and 1956. Connor was engaged in the business of renting and leasing automobiles and trucks, without drivers, during the pertinent years. In the preparation of its returns for the years ending March 31, 1954, 1955, and 1956, Connor claimed depreciation on its automobiles on the basis of a four-year useful life. The taxes so computed were paid. Subsequently, and after merger, petitioner filed claims for refund on all three years. This claim was based on an election in accordance with § 1.167 (c)–1 (c) of the Treasury Regulations issued under the 1954 Code, relating to the declining balance method of depreciation.[2] We see nothing to the

---

[2] "§ 1.167 (c)–1. LIMITATIONS ON METHODS OF COMPUTING DEPRECIATION UNDER SECTION 167 (b) (2), (3), AND (4)

.         .         .         .         .

"(c) *Election to use methods.*—Subject to the limitations set forth in paragraph (a) above, the methods of computing the allowance for depreciation specified in section 167 (b) (2), (3), and (4) may be adopted without permission and no formal election is required. In order for a taxpayer to elect to use these methods for any property described in paragraph (a) above, he need only compute depreciation thereon under any of these methods for any taxable year ending after December 31, 1953, in which the property may first be depreciated by him. The election with respect to any property shall not be binding with respect to acquisitions of similar property in the same year or subsequent year which are set up in separate accounts. If a taxpayer has filed his return for a

contention of retroactive application. The petitioner chose its own weapon, began the struggle under it and, at this late date, cannot be allowed to abandon it.

As to the salvage issue, the petitioner claims that, under the method it chose, the Congress built in an artificial salvage value, *i. e.*, the amount remaining after the application of the depreciation equation. The regulation, however, says that "in no event shall an asset . . . be depreciated below a reasonable salvage value." The issue is the narrow one of whether this regulation is valid under the congressional authorization providing that, as to depreciation, the term "reasonable allowance" shall include an allowance "computed in accordance with regulations prescribed by the Secretary or his delegate." Internal Revenue Code of 1954, § 167 (b). We think that it is.

As we pointed out in the companion cases, the purpose of depreciation accounting is to allocate the expense of using an asset to the various periods which are benefited by that asset. The declining balance method permits a rapid rate of depreciation in the early years of an asset's life. The Congress has permitted under this method an allowance not to exceed twice the "straight line" rate, which rate was approved in *Massey* and *Evans, supra.* In application, the taxpayer computes his straight-line percentage rate and then doubles it for the first year. This doubled rate is then applied each subsequent year to the declining balance. Because of a belief that most assets do lose more value in the earlier years, this method is justified as an attempt to level off the total costs, includ-

taxable year ending after December 31, 1953, for which the return is required to be filed on or before September 15, 1956, an election to compute the depreciation allowance under any of the methods specified in section 167 (b) or a change in such an election may be made in an amended return or claim for refund filed on or before September 15, 1956."

ing maintenance expense, which will generally be greater in the later years. This means, even under the Commissioner's theory, that if an asset is disposed of early in what was expected to be its useful life in the business, the depreciation taken may greatly exceed the difference between the purchase price of the asset and its retirement price; this is a result of the conscious choice to permit rapid depreciation. But this, by hypothesis, is an unusual situation. There is nothing inherent in the declining balance system which requires us to assume that depreciation should be allowed beyond what reasonably appears to be the price that will be received when the asset is retired. This would permit a knowing distortion of the expense of employing the asset in the years after that point is reached. It therefore appears that the interpretation contended for by the taxpayer does not comport with the overriding statutory requirement that the depreciation deduction be a *reasonable* allowance. § 167 (a).

In challenging the regulation, the taxpayer relies upon the following excerpt from S. Rep. No. 1622, 83d Cong., 2d Sess. 201:

> "The salvage value is not deducted from the basis prior to applying the rate, since under this method at the expiration of useful life there remains an undepreciated balance which represents salvage value."

The regulation is consistent with the first part of the sentence, for salvage value is not deducted from the basis prior to the application of the rate. But petitioner contends that the regulation is contrary to the second part of the sentence which appears to equate salvage value under the declining balance method with the mathematical residue which must always exist under the system. This, it appears to us, is but recognition that under this method there is some theoretical salvage value always

left. But it only "represents salvage value" and when true salvage value exceeds this amount, the latter controls. Moreover, the regulation can only carry out the fundamental concept of depreciation—that it is allowable only in such amount, together with salvage value, as will effectuate the recovery of cost over the period of useful life. Furthermore, the House Report said that, "The changes made by your committee's bill merely affect the timing and not the ultimate amount of depreciation deductions with respect to a property." [3] Senator Humphrey stated that under the declining balance method "[t]he total deduction over the life of the property will not be increased and only the same total sum will be given as a tax deduction . . . ." Hearings before the Senate Committee on Finance, 83d Cong., 2d Sess., Pt. 1, 95. Both of these statements clearly support the regulation, since, if the taxpayer prevailed, it would be able to take a greater total amount of depreciation under the declining balance method than under the straight-line method, even if salvage value under the latter method were limited to scrap value.

Petitioner also seems to rely on administrative interpretation. It cites a footnote to what is known as Form 2106, issued by the Commissioner. This footnote to Item No. 41 reads, "Salvage value is the estimated resale or trade-in value of the vehicle, determined at the time of purchase. If declining balance method of depre-

---

[3] H. R. Rep. No. 1337, 83d Cong., 2d Sess. 25.

Senator Millikin made a similar statement on the floor of the Senate, but preceded it with the observation that depreciation cannot exceed the cost of the asset. The way in which the Senator presented the matter suggests that he did not mean that total depreciation taken could not be greater under the declining balance method of depreciation than under the other accepted methods. However, no such qualification limits the impact of the statement in the House Report.

ciation is used, disregard salvage value in computing depreciation." Petitioner says this is a direct instruction to "disregard salvage value" entirely since it is built into the equation. However, we are not inclined to give the footnote such weighty consideration. The form is but a worksheet and the footnote appears to refer to the fact that salvage value is disregarded at the outset of the application of the depreciation equation, as provided by the Code. We likewise place no weight in the remaining peripheral arguments of the petitioner that salvage must be ignored altogether in the application of the declining balance method.

The judgment is

*Affirmed.*

[For opinion of Mr. Justice Harlan, joined by Mr. Justice Whittaker and Mr. Justice Stewart, see *ante,* p. 107.]

[For views of Mr. Justice Douglas, see *ante,* p. 121.]