FRANCIS J. COSTELLO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Costello v. Commissioner
Docket No. 592-73.
United States Tax Court
T.C. Memo 1975-55; 1975 Tax Ct. Memo LEXIS 318; 34 T.C.M. (CCH) 320; T.C.M. (RIA) 750055; March 12, 1975, Filed *318 Francis J. Costello, pro se. H. Stephen Kesselman, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $1,438.00 in petitioner's income taxes for 1971. Technically, the underpayment was arrived at by disallowance of nine of the ten dependency exemptions claimed by petitioner, to which he concedes he was not entitled. The real issue, however, is whether legal principles supervening the Internal Revenue Code permit the petitioner to refuse to pay that portion of his income taxes which he considers would be expended for war-related activities. Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in Elmhurst, New York, at the time the petition was filed. His Federal income tax return for 1971 was filed with the Internal Revenue Service Center, Andover, Massachusetts. During the taxable year 1971, petitioner was a single individual with no dependents. He is a religious person and is engaged in a career of social service. He believes that any direct or indirect participation in *319 war or war-related activities would violate the principles of his religion, and that supporting such activities through payment of taxes is one form of indirect participation. He also believes that the United States engaged in war crimes during the Vietnamese War, and that any participation on his part through payment of taxes would have constituted complicity culpable under international law. He claimed additional dependency exemptions sufficient to reduce his income tax liability by that amount which he concluded would be expended on war-related activities. In this proceeding, he denies liability for the deficiency on the grounds that nonpayment was justified by the free exercise clause of the First Amendment, and by international law. The contentions advanced by petitioner are not unfamiliar to this Court. Their purely legal aspects have been considered and rejected. Susan Jo Russell,60 T.C. 942 (1973); Abraham J. Muste,35 T.C. 913 (1961). [1] Nothing has happened since our decisions in those cases to cause us to depart from their holdings. Petitioner calls our attention to the World Peace Tax Fund Act, H.R. 7053, 93d Cong., 1st Sess., which *320 as unenacted legislation can have no positive influence on our conclusion. The most significant recent development is the Supreme Court decision in United States v. American Friends Service Committee,419 U.S. 7 (1974). In that case, the relief unsuccessfully sought by the taxpayer was what petitioner has already at least partially accomplished by other means -- to be allowed initially to decline to pay religiously objectionable taxes. Even the district court decision therein, 368 F. Supp. 1176 (E.D. Pa. 1973), prior to its reversal, provided no support to petitioner, because it did not purport to determine the plaintiff's ultimate tax liabilities.
To the extent that petitioner presents other than a legal argument, it is not cognizable in this forum. Neither the First Amendment nor the other legal principles relied upon by petitioner nor the evident sincerity of his beliefs furnishes any basis for granting him relief from his obligation to comply with the income tax law. Decision will be entered for the respondent.
Footnotes
1. See also Mary E. Austin,T.C. Memo. 1975-51; David L. Kent,T.C. Memo. 1974-304↩.