FRANKLIN D. COOPER AND EVELYN L. COOPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 9211-74
United States Tax Court
T.C. Memo 1975-320; 1975 Tax Ct. Memo LEXIS 53; 34 T.C.M. (CCH) 1396; T.C.M. (RIA) 750320; October 29, 1975, Filed Franklin D. Cooper, pro se. George W. Connelly, Jr. and Robert Abramitis, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income tax for the taxable years 1971 and 1972 in the amounts of $9,192.03 and $5,176.45, respectively, and additions to tax under the provisions of section 6653(a) [1] for the same years in the amounts of $459.60 and $258.82, respectively. The only adjustment made by the Commissioner in his statutory notice of deficiency is the disallowance in each year of deductions for depreciation of a Zeiss Stereo-Comparator. FINDINGS *54 OF FACT Some of the facts have been stipulated. The stipulation of facts and exhibits are incorporated by reference. Only the facts necessary to an understanding of the issue will be summarized here. Petitioners, husband and wife, filed their joint Federal income tax returns for the taxable years 1971 and 1972 with the Internal Revenue Service Center, Andover, Massachusetts. They resided at DeWitt, New York, when they filed their petition. Mr. Cooper is a professional civil engineer and licensed land surveyor. During the period involved here, he operated as a sole proprietor a business of land surveying which included aerial photography and aerial surveying. The business is on the cash basis of accounting. In October 1971, Mr. Cooper became interested in acquiring for his business a Carl Zeiss Stereo-Comparator, manufactured by Carl Zeiss Co. of Oberhochen, Germany. The comparator is an extraordinary precision instrument which will permit aerial photography in minute detail. Its use with other equipment can produce aerial surveys of extreme accuracy. Mr. Cooper corresponded with and talked with representatives of Zeiss and its United States dealer, Keuffel & Esser Co. He was *55 interested in securing delivery in 1971 in order to use the equipment for bidding jobs that were open and consistently stressed the need for delivery in 1971. Because of delays and disputes, the comparator has not been delivered to Mr. Cooper. Nevertheless, on February 17, 1972, Mr. Cooper forwarded a check for $39,000 to Keuffel & Esser and sent additional funds at later dates. By December 4, 1974, Mr. Cooper had deposited $63,563 with Keuffel & Esser. The total purchase price was $98,481.73. On their joint income tax returns for 1971 and 1972, petitioners claimed straight line depreciation of $30,250 each year on the Zeiss Stereo-Comparator PSK 2 based upon a 3-year useful life and a cost basis of $90,750. The Commissioner disallowed the deduction claimed for each year because the comparator was neither in petitioners' possession nor placed in service by petitioners during the taxable years in which depreciation was claimed. OPINION Petitioners claimed depreciation deductions on their returns for 1971 and 1972 for equipment to be used in their sole proprietorship which was not in their possession nor paid for during those years. Petitioners claim that the deduction is for obsolescence *56 rather than depreciation and that if the equipment had been delivered as promised by the manufacturer and its United States representative it could have been used in petitioners' business. We are sympathetic with petitioners' plight but petitioners are clearly not entitled to the deductions for depreciation. Section 1.167(a)-10(b), Income Tax Regs., provides that the period for which depreciation may be claimed commences when the depreciable asset is placed in service. Mr. Cooper did not, in 1971 or 1972, place the comparator in service; therefore, petitioners are not entitled to the deductions they claimed for depreciation. Obsolescence, which petitioners claim applies here, is part of the depreciation allowance. Sec. 1.167(a)-9, Income Tax Regs.
The Commissioner determined that petitioners were liable under section 6653(a) for the penalty for negligent or intentional disregard of the rules and regulations. The burden of proof is upon petitioners to prove that the penalty was imposed in error. See, e.g., David Courtney,28 T.C. 658, 669-670 (1957). An examination of the voluminous correspondence from Mr. Cooper to Zeiss and Keuffel & Esser reflects Mr. Cooper's *57 concern that the acquisition of the comparator be a 1971 transaction. The knowledge that necessarily accompanies Mr. Cooper's insistence that the transaction must be a 1971 transaction convinces us that the penalty was not imposed in error. In order to allow a concession of the respondent as to the deductions for state sales tax, Decision will be entered under Rule 155.
Footnotes
1. All Code references are to the Internal Revenue Code of 1954, as amended.↩