**Franklin D. COOPER and Evelyn L. Cooper, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 10, Docket 76–4047.**

United States Court of Appeals, Second Circuit.

Argued Sept. 30, 1976.

Decided Oct. 15, 1976.

---

Franklin D. Cooper, pro se.

Jeffrey S. Blum, Tax Div., Dept. of Justice, Washington, D. C. (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Jr., and Ann B. Durney, Tax Div., Dept. of Justice, Washington, D. C., of counsel), for appellee.

Before FEINBERG, GURFEIN and VAN GRAAFEILAND, Circuit Judges.

PER CURIAM:

This is an appeal by Franklin D. Cooper and Evelyn L. Cooper, his wife, from a decision of the United States Tax Court. The Tax Court, Goffe, *J.*, upheld the determination of the Commissioner of Internal Revenue that there are deficiencies in income taxes due from the taxpayer for the years 1971 and 1972 in the amounts of $9,032.72 and $5,078.89, respectively, and additions to tax in the form of penalties for negligent or intentional disregard of the rules and regulations, in the amounts of $451.64 and $253.94, for the same tax years. The memorandum findings of fact and opinion of the Tax Court are reported at 34 T.C.M. 320 (1975). Jurisdiction is conferred upon this court by 26 U.S.C. § 7482.

The pertinent facts as found by the Tax Court may be summarized as follows. Mr. Cooper is a professional civil engineer and licensed land surveyor. During the years 1971 and 1972, he operated a land surveying business as a sole proprietorship. The business, which included aerial photography and aerial surveying, operated on a cash basis of accounting.

In October of 1971, Mr. Cooper became interested in acquiring for his business a Carl Zeiss Stereo Comparator manufactured by the Carl Zeiss Company of Germany. The comparator is an extraordinary precision instrument which will permit aerial photography in minute detail. If used with other equipment, extremely accurate aerial surveys can be performed. Mr. Cooper corresponded with and talked with representatives of Zeiss and its United States dealer, Keuffel & Esser Co. He wanted to get delivery in 1971 in order to use the equipment for bidding certain jobs. Because of delays and disputes, the comparator was not delivered to Mr. Cooper during 1971 or 1972. Nevertheless on February 17, 1972, Mr. Cooper forwarded a check for $39,000.00 to Keuffel & Esser and sent additional funds at later dates. By December 4,

1974, he had deposited $63,563.00 with Keuffel & Esser. The total purchase price was $98,481.73. The petitioners claimed straight line depreciation of $30,250.00 on each of their joint income tax returns for 1971 and 1972. The depreciation was based upon a three-year useful life of the comparator and a cost basis of $90,750.00. The Commissioner disallowed the deductions claimed for each year because the comparator was not in the petitioners' possession and had not been placed in service by the petitioners during the taxable years in which depreciation was claimed.

■ We agree with the Tax Court that the petitioners are not entitled to the deduction for depreciation. Section 1.167(a)–10(b) Income Tax Regs., 26 C.F.R. § 1.167(a)–10(b), provides that the period for which depreciation may be claimed commences when the depreciable asset is placed in service.[1] This regulation has been held valid in *Massey Motors, Inc. v. United States*, 364 U.S. 92, 80 S.Ct. 1411, 4 L.Ed.2d 1592 (1960). The Supreme Court there said that " . . . it is the primary purpose of depreciation accounting to further the integrity of periodic income statements by making a meaningful allocation of the cost entailed in the use (excluding maintenance expense) of the asset to the periods to which it contributes." 364 U.S. at 104, 80 S.Ct. at 1418. The Court applied the same reasoning in *Hertz Corp. v. United States*, 364 U.S. 122, 126, 80 S.Ct. 1420, 4 L.Ed.2d 1603 (1960), and *Commissioner of Internal Revenue v. Idaho Power Co.*, 418 U.S. 1, 10–11, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974). The furthest the courts have gone is to allow a deduction for depreciation when the equipment was ready for use in the taxpayer's business even though not yet actually used in such business. *Sears Oil Co. v. Commissioner of Internal Revenue*, 359 F.2d 191, 198 (2d Cir. 1966). Since the comparator was not placed in service in Mr.

Cooper's business and was not available for use in that business during the years 1971 and 1972, the Commissioner and the Tax Court were both correct in holding that depreciation allowance was not permissible.

■ The taxpayer, arguing *pro se*, now suggests that even though the depreciation may not be allowed for the reasons stated, he should be allowed to deduct as a business expense for the years in question certain items as follows: for the year 1971, a dealer's commission of $21,908.10, and "partial import duty" of $6,554.79, totaling $28,-462.80; and for the year 1972, "partial manufacturer's profit" of $10,072.24, "partial import duty" of $1,526.20, 4% New York State sales tax of $3,681.56, air freight of $1,400.00, installation and instruction of $480.00, totaling $17,160.00. This claim was apparently not presented to the Tax Court and "[a]s a general rule a 'reviewing court should pass by, without decision, questions which were not urged' before the Tax Court . . . ." *Wilson v. Commissioner of Internal Revenue*, 500 F.2d 645, 649 (2d Cir. 1974). *See Hayutin v. Commissioner*, 508 F.2d 462, 485 (10th Cir. 1974). We adhere to that rule. However, while justice does not require us to review the issue not raised, it is clear that, in any event, practically all the items claimed would be a part of the cost of goods purchased and would have to be capitalized rather than expensed. *See Commissioner of Internal Revenue v. Idaho Power Co.*, 418 U.S. 1, 13, 94 S.Ct. 2757, 41 L.Ed.2d 535 (1974). Moreover, the record shows that a check was sent to Keuffel & Esser in 1972 and no moneys were sent in 1971. A taxpayer who operates on a cash basis of accounting cannot deduct payments to be made in the future for the item he now claims.

■ While the question of penalty may be a closer question, there is sufficient ground for its imposition in the Commis-

---

1. The regulation is supported by § 167(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 167(a), which reads in relevant part as follows:

   "General Rule.—There shall be allowed as a depreciation deduction a reasonable allow-ance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—(1) of property used in the trade or business . . . ."

sioner's determination that the taxpayer was negligent in claiming depreciation in the light of the regulations and his admission that he consulted neither an accountant nor a lawyer in claiming such deductions. Unless and until Congress amends the statute to allow depreciation to be taken on equipment as yet undelivered, the taxpayer has no basis for his deductions.

The decision of the Tax Court is affirmed.