"This appears to be a suit for refund of income taxes for plaintiffs 1972 taxable year, and possibly for certain subsequent years (1973, 1974, 1975, and 1976) as well, in the amount of $4,386, plus interest. After consideration of the briefs and without oral argument, we allow defendant’s motion to dismiss.
"Plaintiff was previously involved in litigation over her income tax liability for taxable year 1972 in the United States Tax Court. On December 8, 1975, the Tax Court held that plaintiff owed a deficiency of $52 for that year. To the extent that plaintiff is now seeking to have this court review the decision of the United States Tax Court, we *465 cannot for lack of jurisdiction. The United States Courts of Appeals are vested with exclusive jurisdiction to review Tax Court decisions and not this court. I.R.C. § 7482(a). Further, since plaintiffs dispute was conducted under the Tax Court’s small claims provision, the plaintiff is barred from seeking further review of the Tax Court’s decision. I.R.C. § 7463(b). To the extent that plaintiff is seeking to have a de novo proceeding commenced in this court regarding her 1972 tax liability, we cannot do so for the doctrine of res judicata makes the Tax Court’s decision binding on us. Commissioner v. Sunnen, 333 U. S. 591 (1948).
"In regard to plaintiffs refund claims for taxable years 1973, 1974, 1975, and 1976, plaintiff has not set forth a sufficient basis for a claim for relief. Her petition states, at most, that income taxes were withheld. The defendant has submitted an affidavit of Kenneth R. Pike, attorney in the Tax Division of the United States Department of Justice, which states that the Internal Revenue Service records show that plaintiff was refunded an overpayment of $57.30 for taxable year 1973, that her overpayment of $18.30 for taxable year 1974 was credited pursuant to I.R.C. § 6402 to her 1972 tax deficiency of $52, and that plaintiff paid no income taxes for taxable years 1975 and 1976. Accordingly, without more, viewing plaintiffs petition in the most favorable light, we find that it fails to state a claim for relief. Therefore,
"It is ordered that defendant’s motion to dismiss be and hereby is granted and that plaintiffs petition be and hereby is dismissed.”