This tax refund suit is before the court on defendant’s motion for summary judgment. The material facts are not in dispute. After careful consideration of the briefs and without oral argument, we grant defendant’s motion for summary judgment.
*698 In this suit plaintiffs, who filed joint tax returns for the years in dispute, are seeking to recover certain property ($7,500, representing the cash surrender value of life insurance policies; $10,000, representing a bank account in plaintiff Evelyn Cooper’s name; and $1,000, representing partial payment of a professional fee owed to plaintiff Franklin Cooper) which the Internal Revenue Service seized under a levy based upon income tax assessments for taxable years 1971, 1972, and 1973. The property in dispute only partially satisfied the total assessment ($25,687.64) against plaintiffs for the three taxable years.
Plaintiffs have previously contested the merits of the issue upon which the Internal Revenue Service assessments for taxable years 1971 and 1972 were made. The United States Tax Court upheld the Commissioner in that suit and was affirmed upon appeal to the United States Circuit Court of Appeals for the Second Circuit. Cooper v. Commissioner, 34 T.C.M. (CCH) 1396 (1975), aff'd, 542 F. 2d 599 (2d Cir. 1976).
Plaintiffs did not contest the 1973 deficiency before the Tax Court. Nor have plaintiffs ever filed a refund claim with the Internal Revenue Service for their 1973 taxable year. The basis for the Commissioner’s deficiency notice to plaintiffs for their 1973 taxable year appears to be the same as in the prior two taxable years — disallowance of certain depreciation deductions plaintiffs had claimed.
To the extent that plaintiffs’ petition requests us to review the facts underlying the deficiency assessments for their 1971 and 1972 taxable years, we cannot for lack of jurisdiction. The deficiency assessments for those years were judicially reviewed in the United States Tax Court and upheld. Review of Tax Court decisions is exclusively vested in the United States Courts of Appeals. I.R.C. § 7482(a); Gilliam v. United States, 216 Ct. Cl. 464 (1978). Further, plaintiffs have already had the Tax Court’s decision reviewed by the Second Circuit Court of Appeals. To the extent the plaintiffs are seeking to have a de novo proceeding commenced in this court regarding their 1971 and 1972 tax liability, we cannot do so for under the doctrine of res judicata the Tax Court’s decision, which has been affirmed by the Second Circuit Court of Appeals, is binding upon us. Commissioner v. Sunnen, 333 U.S. 591 (1948).
In regard to plaintiffs’ refund claim for their 1973 taxable year, they have never filed a refund claim with the *699 Internal Revenue Service. The filing of such a refund claim with the Internal Revenue Service is a jurisdictional prerequisite to the maintenance of a refund suit in this court or a federal district court. I.R.C. § 7422(a). Thus, this court lacks jurisdiction to consider plaintiffs’ 1973 refund claim also.
Since plaintiffs sue pro se, the document filed April 28, 1978, entitled "Brief,” has been treated as a response to the defendant’s motion for summary judgment. However, the "Brief’ fails to establish that this court has jurisdiction and without jurisdiction we cannot pass on the issues plaintiffs seek to put before us.
Accordingly, we grant defendant’s motion for summary judgment and order plaintiffs’ petition dismissed.