WILLIAM I. BOGGS, JR., and JACQUELIN BOGGS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boggs v. Commissioner
Docket No. 6966-79.
United States Tax Court
T.C. Memo 1981-224; 1981 Tax Ct. Memo LEXIS 526; 41 T.C.M. (CCH) 1438; T.C.M. (RIA) 81224; May 4, 1981. *526 During 1975 and 1976, petitioner, an anesthesiologist, used his Cadillac for personal and business reasons. On November 1, 1976 petitioner retired the Cadillac from business use. Held, petitioner is not allowed a depreciation deduction under section 167, I.R.C. 1954, for his Cadillac in 1976 because such automobile was depreciated below a reasonable salvage value in 1975. Held further, deduction under section 162(a), I.R.C. 1954, for other expenses of operating the Cadillac determined. William H. Folsom, Jr., for the petitioners. Ben G. Reeves, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1976 in the amount of $ 1,158. After concessions by the parties, two issues remain for our determination: (1) whether petitioners are entitled to a deduction for the taxable year 1976 for depreciation of a 1975 Cadillac under section 167(a)(1), I.R.C. 1954 and (2) whether petitioners are entitled to a deduction for the taxable year 1976 under section 162(a) for amounts paid in connection with the operation of a 1975 Cadillac. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners William I. Boggs, Jr., and Jacquelin Boggs, husband and wife, resided in Jacksonville, Florida at the time *529 of the filing of the petition herein. They filed a joint individual income tax return for the calendar year 1976 with the Internal Revenue Service Center at Chamblee, Georgia. As petitioner Jacquelin Boggs is a party herein solely by virtue of having filed a joint individual income tax return with her husband for the year in issue, petitioner as used herein shall refer only to William I. Boggs, Jr. Petitioner is a physician who limits his practice of medicine to anesthesiology. Petitioner was employed by a corporation called the William I. Boggs, Jr., M.D., P.A. Petitioner's principal place of business was St. Vincent's Hospital which was the only location at which he saw patients. From July 1971 through October 1976 the petitioner had always provided for his own transportation in connection with the corporation's business. In this regard, on February 7, 1975, petitioner purchased a 1975 Cadillac Coupe DeVille for a total cost of $ 10,980.75. Among other uses, the Cadillac was used in 1975 and 1976 for transportation to St. Vincent's Hospital when emergency surgery occurred, to his accountant's and attorney's offices, to the airport to pick up visiting doctors and for various *530 other trips required by petitioner to fulfill his professional obligations. However, petitioner did not produce a business travel log to establish the percentage of business use of the Cadillac in 1976. Petitioner did not use the Cadillac for business purposes every day. During 1976 petitioner used his 1974 Chevrolet Blazer to commute to and from St. Vincent's Hospital where he practiced medicine. When petitioner's Cadillac was parked at home during the day, petitioner's wife "would occasionally use the car." However, Mrs. Boggs customarily used the third family car for her personal use. Petitioner could not recall at trial whether, during the year in issue, the third car was a 1971 Buick or a 1965 Chevrolet. The Cadillac was depreciated on the double-declining balance method of depreciation using a useful life of 3 years. The gross amount of depreciation for 1975 and 1976 was $ 6,168 and $ 2,617, respectively. These amounts represented depreciation for full 12-month periods. Ninety percent of the gross depreciation was claimed by petitioner as business expense deductions in those years--$ 5,590 in 1975 and $ 2,355 (the disputed amount) in 1976. Further, petitioner incurred *531 expenses in 1976 of $ 835 in connection with the operation of the Cadillac. These expenses included automobile insurance, an inspection fee, a license tax, gas, oil and repair expenditures. Petitioner claimed 90 percent of such expenses, or $ 752, as an employee business expense for that year. On November 1, 1976 petitioner retired the Cadillac from business use. The Cadillac had never been damaged in any way and only had been driven approximately 15,000 miles when converted from business to personal use. The southeastern edition of the NADA Used Car Guide for October 1976 listed a 1975 Cadillac Coupe DeVille as having an average trade-in value of $ 6,700 and an average retail value of $ 7,675 at that time. In his notice of deficiency dated March 26, 1979 respondent disallowed the entire amount of the depreciation deduction and the automobile expense deduction claimed by petitioner in 1976 in connection with the operation and use of the Cadillac. OPINION The first issue under our consideration is whether petitioner is entitled to a deduction in 1976 under section 167(a)(1) for depreciation of his 1975 Cadillac. Section 167(a)(1) provides as follows: SEC. 167. DEPRECIATION.
*532 (a) General Rule.--There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)-- (1) of property used in the trade or business * * *. Section 1.167(a)-1(a) of the regulations provides that a reasonable allowance for depreciation shall be -- that amount which should be set aside for the taxable year in accordance with a reasonably consistent plan (not necessarily at a uniform rate), so that the aggregate of the amounts set aside, plus the salvage value, will, at the end of the estimated useful life of the depreciable property, equal the cost * * * of the property as provided in section 167(g) and § 1.167(g)-1. Petitioner elected to compute his depreciation deduction for the Cadillac in accordance with the double-declining balance method as prescribed in section 167(b)(2). While salvage value is not taken into account in determining the annual depreciation allowance under this double-declining balance method, in no event shall an asset be depreciated below a reasonable salvage value. Sections 1.167(b)-2(a) and 1.167(a)-1(c)(1), Income Tax Regs.; Hertz Corporation v. United States, 364 U.S. 122, 126-127 (1960). *533 Section 1.167(a)-1(c)(1), Income Tax Regs, defines salvage value as "the amount (determined at the time of acquisition) which is estimated will be realizable upon sale or other disposition of an asset when it is no longer useful in the taxpayer's trade or business or in the production of his income and is to be retired from service by the taxpayer." However, with respect to personal property with a useful life of 3 years or more such as the Cadillac herein, section 167(f) essentially provides that salvage value may be reduced by an amount which does not exceed 10 percent of the cost of property. [1]
*534 In the instant case, petitioner purchased his 1975 Cadillac on February 7, 1975 for $ 10,980.75. Using the double-declining balance method, petitioner claimed a depreciation deduction of $ 5,590 and $ 2,355 for the taxable years 1975 and 1976, respectively. At the beginning of 1976 the basis of the Cadillac for depreciation purposes as provided in section 167(g) was $ 5,390.75 (total cost of $ 10,980.75 less depreciation deducted in 1975 of $ 5,590). [2]
Respondent contends that, even taking into consideration the adjustment to salvage value provided for in section 167(f), petitioner depreciated the Cadillac below a reasonable salvage value in 1975 when he claimed a depreciation deduction of $ 5,590. Therefore, respondent reasons that petitioner is not entitled to a depreciation deduction for the Cadillac in 1976. In support of his position *535 respondent points out that the southeastern edition of the NADA Used Car Guide for October 1976 lists the average trade-in value of a 1975 Cadillac Coupe DeVille to be $ 6,700 and the average retail value of such Cadillac to be $ 7,675. [3] Using these figures as a benchmark, respondent insists that a reasonable salvage value for purposes of section 167 exceeds the Cadillac's basis for depreciation purposes of $ 5,390.75 at the beginning of 1976. Further, respondent noted that the subject Cadillac was never damaged and did not undergo an inordinate amount of use in 1975 and 1976 (15,000 miles in total). Petitioner, on the other hand, failed to introduce any reliable evidence with respect to the proper salvage value of the Cadillac. Petitioner's testimony in this regard was not specific and, for the most part, was unconvincing. We realize that, at first blush, respondent's estimate of salvage value might be construed to be unusually high, although not *536 unreasonable or arbitrary. Respondent's estimate is based upon the NADA Guide, a well-accepted industry source. However, it is petitioner's burden to prove that respondent's determination is erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). It is apparent from the record that petitioner has failed to carry his burden of proof because he has failed to introduce any evidence to refute respondent's position concerning salvage value. Therefore, respondent's position is sustained; that is, petitioner is not allowed a depreciation deduction for his Cadillac in 1976 because he has not proved that it was not depreciated below a reasonable salvage value in 1975. [4]
We next must determine whether petitioner is entitled to a deduction *537 under section 162(a) in 1976 for expenses incurred in connection with the operation of the Cadillac. Section 162(a) allows a deduction for all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." Petitioner contends that he spent $ 835 in 1976 in connection with the operation of the Cadillac. Petitioner insists that $ 752, or 90 percent of such expenses, was incurred in carrying on his medical practice and therefore is deductible under section 162(a). Respondent does not challenge the amount expended but argues that petitioner has not established that the expenses were business related. We are convinced that part of the use to which petitioner put the Cadillac was in connection with his practice of anesthesiology. Petitioner used the Cadillac in 1976 to travel to the airport on hospital business, to the hospital for emergency and unscheduled medical treatment, and to his accountant's and attorney's offices for business-related matters. The ultimate question therefore is not whether petitioner used the Cadillac for "ordinary and necessary" business purposes for we are convinced that he did. Rather, we must *538 focus on what portion of these expenses are associated with his business as opposed to his personal usage. The burden is on petitioner to show that the expenses are related to business usage. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, supra.
Petitioner claims that his business usage of the Cadillac was 90 percent and therefore 90 percent of the expenses, or $ 752, is deductible under section 162(a). In support of his claimed deduction, petitioner testified that he never used the Cadillac to commute to the hospital in 1976 because he was told that commuting expenses were not tax deductible. Instead, petitioner testified that he left the Cadillac at home and used his 1974 Chevrolet Blazer to commute to work. Further, petitioner testified that he only used the Cadillac for business-related travel and did not use it to attend any social events in the evening. Petitioner claims that rather than use the 1975 Cadillac for social occasions, he would use his wife's automobile, either a 1971 Buick or a 1965 Chevrolet. Petitioner conceded that his wife used the Cadillac approximately 10 percent of the time for personal use. Therefore, *539 petitioner concluded that the Cadillac was used the remaining 90 percent of the time for business purposes. We find this testimony to be unacceptable. Basically, petitioner would have us believe that his wife, on occasion, would opt for using the 1975 Cadillac during the day but petitioner and his wife would always opt for using the 1971 Buick or the 1965 Chevrolet for evening social events. Further, petitioner testified at trial that he kept a business travel log in 1976 but was unable to locate it. Yet the revenue agent's report indicates that petitioner was unable to recall whether he kept a business travel log in 1976 when questioned during the audit of his tax return. In addition to his testimony, petitioner submitted a business travel log maintained by him for a portion of 1979 in support of his claimed business usage of the Cadillac in 1976. This 1979 log has very little probative value in establishing the percentage of business usage of the Cadillac in 1976. Although we are convinced that petitioner used the Cadillac in connection with his medical practice, we are not persuaded by petitioner's testimony and other evidence that he used the Cadillac 90 percent of *540 the time for business purposes. In accordance with the so-called Cohan rule, we may approximate the portion of the subject expenses that were incurred in connection with business usage of the Cadillac. Cohan v. Commissioner, 39 F.2d 540, 544 (2d Cir. 1930). We therefore hold that petitioner is entitled to deduct 30 percent of the subject expenses, or $ 251, under section 162(a) as transportation expenses incurred in connection with his medical practice in 1976. Decision will be entered under Rule 155. Footnotes
1. Sec. 167(f) provides: SEC. 167. DEPRECIATION. (f) Salvage Value.-- (1) General rule.--Under regulations prescribed by the Secretary or his delegate, a taxpayer may, for purposes of computing the allowance under subsection (a) with respect to personal property, reduce the amount taken into account as salvage value by an amount which does not exceed 10 percent of the basis of such property (as determined under subsection (g) as of the time as of which such salvage value is required to be determined). (2) Personal property defined.--For purposes of this subsection, the term "personal property" means depreciable personal property (other than livestock) with a useful life of 3 years or more acquired after the date of the enactment of the Revenue Act of 1962.↩
2. Sec. 167(g) provides: (g) Basis for Depreciation.--The basis on which exhaustion, wear and tear, and obsolescence are to be allowed in respect of any property shall be the adjusted basis provided in section 1011 for the purpose of determining the gain on the sale or other disposition of such property. See also secs. 1011 and 1012.↩
3. See R.E. Moorhead & Son, Inc. v. Commissioner, 40 T.C. 704, 712-713↩ (1963), where this Court held that the retail value of an automobile was the proper measure for purposes of determining salvage value.
4. We express no opinion with respect to whether a conversion of personal property from business to personal use is an "other disposition" for purposes of depreciation recapture under sec. 1245. See Rev. Rul. 69-487, 1969-2 C.B. 165↩. The parties did not argue the issue at trial or on brief, and we do not consider it appropriate to raise the issue on our own initiative.