**Hassan KADAH, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 81–CV–1253.**

United States District Court, N. D. New York.

March 8, 1982.

---

**470**

Costello, Cooney & Fearon, Syracuse, N. Y., for plaintiff; Warren W. Bader, Syracuse, N. Y., of counsel.

George H. Lowe, U. S. Atty., Syracuse, N. Y., for the U. S.; George A. Yanthis, Asst. U. S. Atty., Syracuse, N. Y., Sheri Moore Humphrey, Tax Div., Dept. of Justice, Washington, D. C., John D. Steele, Jr., I. R. S., Buffalo, N. Y., Richard D. Stanistreet, I. R. S., Syracuse, N. Y., of counsel.

## MEMORANDUM–DECISION and ORDER

ROGER J. MINER, District Judge.

### I.

In this action plaintiff taxpayer seeks to recover payroll taxes incurred by the Custom Technology Corporation and allegedly unlawfully and erroneously assessed and collected from him. Federal jurisdiction is asserted under 28 U.S.C. § 1346. Before this Court are plaintiff's motions for a preliminary injunction to specifically enforce an agreement between the parties whereby the Internal Revenue Service would postpone collection of the remainder of the penalty assessed against the plaintiff in exchange for certain letters of credit, and for a consolidation of the preliminary injunction hearing with a trial on the merits pursuant to Fed.R.Civ.P. 65(a)(2).

### II.

Plaintiff, a former part owner and absentee director of Custom Technology Corporation, a California based corporation, was assessed a penalty for unpaid withholding taxes on February 2, 1981. These taxes were assessed against plaintiff as a result of a determination by the Government that he was a "person," as defined in 26 U.S.C. § 6671(b),[1] who "willfully," within the meaning of 26 U.S.C. § 6672(a),[2] failed to remit to the Government the federal income and social security taxes in the sum of $38,524.40 withheld from the wages of the

---

**1.** 26 U.S.C. § 6671(b) reads in pertinent part: "The term 'person' ... includes an officer ... of a corporation ... who as such officer ... is under a duty to perform the act in respect of which the violation occurs."

**2.** 26 U.S.C. § 6672(a) provides in part that: Any person required to collect, truthfully account for, and pay any tax ... who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

employees of Custom Technology during the third and fourth quarters of 1976 and the first quarter of 1977.

On February 27, 1981, plaintiff made a "payment" of $100, the withheld tax for one employee for one quarter of liability, to the Government, and then filed a claim for refund of that $100 with the District Director of the Internal Revenue Service. On April 14, 1981, plaintiff was informed by the Service that the claim for the refund was disallowed, and, on November 17, 1981, plaintiff filed a complaint in this Court pursuant to 26 U.S.C. § 7422.[3]

Prior to bringing this action, plaintiff and defendant entered into negotiations regarding a collateral agreement providing that the Internal Revenue Service would refrain from making a levy or proceeding in court for the collection of the remaining penalty assessed against plaintiff in exchange for a letter of credit.[4] Plaintiff maintains that, after several months of negotiations, the Internal Revenue Service accepted an irrevocable letter of credit (in lieu of the bond requirement of § 6672[b] ) and the terms of the collateral agreement. (Affidavit of Warren W. Bader ¶ 16). However, on or about November 9, 1981, the Service informed plaintiff's attorney that the collateral agreement and letter of credit would not, after all, be accepted and that full payment of the penalty assessed against plaintiff would be required.[5] *Id.* ¶ 18.

On November 17, 1981, plaintiff moved in this Court for an order temporarily staying the Internal Revenue Service from collecting the remainder of the penalty. The motion was denied pursuant to a written order of Chief Judge Munson, dated November 18, 1981.

Plaintiff contends that, on December 14, 1981, "action was taken by the Internal Revenue Service to have a federal tax lien filed in the Office of the Clerk of the County of Onondaga." (Supplemental affidavit of Warren W. Bader ¶ 5). To prevent the "adverse effects of such a lien," plaintiff paid the disputed amount plus interest, totalling $42,470.59, to the Internal Revenue Service on December 21, 1981, at which time the outstanding letter of credit was returned to the plaintiff. *Id.* at ¶ 6.

Plaintiff now requests that this Court specifically enforce the collateral agreement by ordering the defendant to return to plaintiff the sum of $42,470.59 in exchange for the letter of credit. Plaintiff also requests that the hearing for the preliminary injunction be consolidated with the trial of the original action for refund of the $100, pursuant to Fed.R.Civ.P. 65(a)(2). For reasons stated below, the plaintiff's motions are denied.

### III.

It is well settled that a suit for refund of federal income taxes may not be maintained in a district court unless a claim for a refund has first been timely filed with the Commissioner. 26 U.S.C. § 7422. *See, e.g., Republic Petroleum Corp. v. United States,* 613 F.2d 518 (5th Cir. 1980). Moreover, the filing of a timely administrative

**3.** 26 U.S.C. § 7422(a) provides that:

No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard, and the regulations of the Secretary or his delegate established in pursuance thereof.

**4.** 26 U.S.C. § 6672(b) provides in part that if, within 30 days after the date the taxpayer was

notified by the Internal Revenue Service of a demand for a penalty pursuant to § 6672(a), the taxpayer pays a certain minimum amount of the penalty, files a claim for a refund of that paid amount, and furnishes a bond in the amount equal to 1½ times the amount of the remaining penalty, the Internal Revenue Service may not seek to levy or proceed in court for the collection of the remainder of the penalty. This section also states that the beginning of any proceeding or levy, brought by the Service, may be enjoined by a proper court, notwithstanding § 7421(a). (Prohibition of suits to restrain assessment or collection of taxes).

**5.** The collateral agreement was never signed by any agent of the Internal Revenue Service.

claim for refund as a prerequisite to a tax refund suit has been held to be a jurisdictional requirement that cannot be waived. *See Essex v. Vinal*, 499 F.2d 226 (8th Cir. 1974), *cert. denied*, 419 U.S. 1107, 95 S.Ct. 779, 42 L.Ed.2d 803 (1974). Indeed, Congress intended the taxpayer to be afforded an election of only two remedies to recover taxes and assessed penalties. Either the petitioner may, after receiving a deficiency notice from the Commissioner, petition the Tax Court for a redetermination of the asserted deficiency, or the taxpayer may refrain from filing such a petition and, after paying the alleged deficiency, proceed in the district court in a suit for refund. *See Hertz Corp. v. United States*, 364 U.S. 122, 126, 80 S.Ct. 1420, 1422, 4 L.Ed.2d 1603 (1960); *Pfeiffer Co. v. United States*, 518 F.2d 124, 129 (8th Cir. 1975). The relief plaintiff seeks by motion here can only be afforded in a suit in this Court for a refund of the taxes and penalties paid. *See Simpson v. Thomas*, 271 F.2d 450, 452 (4th Cir. 1959). But, since the plaintiff has not filed a claim for refund of these taxes and penalties with the Commissioner, this Court lacks jurisdiction to grant plaintiff the relief requested.[6] *See e.g. Scovill Mfg. Co. v. Fitzpatrick*, 215 F.2d 567, 569 (2d Cir. 1954).

It is so Ordered.

---

**6.** This determination is strengthened by the fact that penalties imposed under § 6672 are considered a "cumulation of separable assessments for each of the employees involved, . . . permitting suit after payment of one or more employee's taxes." *Fidelity Bank, N. A. v. United States*, 616 F.2d 1181, 1182 n.1 (10th Cir. 1980). *See also Psaty v. United States*, 442 F.2d 1154 (3d Cir. 1971). Thus, this Court has before it only a refund action to recover $100. The action for the remainder of the penalty, a separate tax assessment, *see Fidelity Bank, N. A. v. United States, supra,* cannot properly be before the Court until a claim for refund is filed with the Commissioner and, upon rejection of that claim, a *separate* suit for refund timely filed before this Court.