STEVEN D. KNIGHTON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Knighton v. Commissioner
Docket No. 21743-81
United States Tax Court
T.C. Memo 1983-366; 1983 Tax Ct. Memo LEXIS 422; 46 T.C.M. (CCH) 546; T.C.M. (RIA) 83366; June 21, 1983. *422 1. Depreciation deductions denied. Basis in assets exhausted by prior years depreciation. 2. Respondent did not conduct an unnecessary examination or second inspection of petitioner's books for 1979. 3. Addition to tax for negligence under sec. 6653(a), sustained. Steven D. Knighton, pro se. Willard N. Timm, Jr., for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined the following deficiencies and an addition to tax in petitioner's Federal income tax for: [1]Addition to tax Year
Deficiency
Sec. 6653(a)
1978
$194
1979
$1950
$97.50
*423 The issues for decision are (1) whether petitioner is entitled to depreciation deductions in 1978 and 1979, (2) whether respondent's examination of petitioner's 1979 return constituted a second inspection in violation of sec. 7605(b), and (3) whether petitioner is liable for an addition to tax for negligence. Findings of Fact
Some of the facts have been stipulated and are found accordingly. [2] The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner Steven D. Knighton resided in Marietta, Ga. at the time the petition was filed.Petitioner filed Federal income tax returns for *424 1978 and 1979 with the Internal Revenue Service, Chamblee, Ga.
In January 1975, petitioner purchased rental property consisting of a house and real property for $25,500. [3] Petitioner allocated $5,000 of the purchase price to the land and the remaining $20,500 to the house. The house was 20 years old at the time petitioner purchased it and had an estimated remaining useful life of 10 years. Petitioner on his Federal income returns for 1975, 1976, and 1977 claimed depreciation deductions on the rental property of $8,100, $8,800, and $9,350, respectively, for a total of $26,250. On petitioner's 1978 and 1979 returns he claimed depreciation with respect to the rental property of $9,900 and $10,640, respectively. Respondent disallowed the depreciation deductions for 1978 and 1979 since petitioner had already fully depreciated the property in prior years. [4]
*425 On March 30, 1979, petitioner purchased a house in Jonesboro, Georgia for $22,500 and sold it on October 31, 1979 for $26,500. On petitioner's 1979 Federal income tax return, he showed a capital gain of $1,600, but omitted the Schedule D form required to report capital gains. The return, dated April 10, 1980, was sent to "Return Analysis" upon its receipt by the Atlanta Service Center where it was determined that the required Schedule D was not attached to the return. The Service Center, on May 14, 1980, sent petitioner two copies of a form letter requesting that he forward the missing schedule so that the return could be processed. Petitioner later returned a copy of the Service Center's letter along with a completed Schedule D, which was received by the Atlanta Service Center on May 29, 1980. When the missing Schedule D was filed, it showed a capital gain of $4,000 instead of the $1,600 reported by petitioner on his 1979 return. The Service Center made the necessary mathematical correction on petitioner's 1979 return and recomputed petitioner's tax liability accordingly. Subsequently, petitioner's 1979 return was selected for audit which lead to the issuance of the notice *426 of deficiency in the instant case. OPINION The first issue is whether petitioner is entitled to depreciation deductions in 1978 and 1979. Respondent contends that petitioner is not entitled to deduct the depreciation since the property was fully depreciated in the years 1975 through 1977. Petitioner apparently contends that he is entitled to depreciate the full replacement value or the "true" fair market value of the property which he asserts was $70,000. [5]
Petitioner, by using what he estimates to be the replacement value or the true fair market value of the house, is attempting to claim depreciation deductions in excess of $20,500, his adjusted basis in the house. It is well settled that taxpayers are not entitled to deduct an amount for depreciation in excess of their basis in the property. Timanus v. Commissioner,32 T.C. 631, 640-642 (1959), affd. without discussion on this point 278 F.2d 297 (4th Cir. 1960). See also Hertz Corporation v. United States,364 U.S. 122, 128, *427 (1960) and Hallabrin v. Commissioner, 325 F.2d i98 (6th Cir. 1963), affg. T.C.Memo. 1962-30. Therefore, we hold for respondent on this issue. [6]
The second issue is whether petitioner was subjected to an unnecessary examination and a second inspection of his books of account for 1979 in violation of section 7605(b). Petitioner contends that when the Internal Revenue Service increased his 1979 tax liability after he sent in the Schedule D showing a greater capital gain than he reported on the Form 1040, this constituted an examination within the meaning of section 7605(b). Petitioner then concludes that this examination, *428 when combined with the subsequent audit and examination of his 1979 return, resulted in an unnecessary examination or second inspection in violation of section 7605(b). Respondent counters that the adjustments made to petitioner's 1979 return at the Service Center after it received petitioner's Schedule D were merely mathematical corrections to correct an error on the return and that it was not considered an examination or inspection. We agree with respondent. Section 7605(b) provides that no taxpayer shall be subjected to unnecessary examination or investigation, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary, after investigation, notifies the taxpayer in writing that an additional inspection is necessary. However, it is well established that the mere examination of the taxpayer's return and accompanying schedules does not comprise an examination or a second inspection of the taxpayer's books within the meaning of section 7605(b). Grossman v. Commissioner,74 T.C. 1147, 1156 (1980), citing Pleasanton Gravel Co. v. Commissioner,64 T.C. 510, 528 (1975), *429 affd. 578 F.2d 827 (9th Cir. 1978). [7] That respondent made a mathematical correction to petitioner's return after reviewing the return and the Schedule D does not change the result. Furthermore, there has been no unnecessary examination. Accordingly, we hold for respondent on this issue. The final issue is whether petitioner is liable for an addition to tax for 1979 under section 6653(a) for negligence. The burden of proof with respect to this issue is on petitioner. Hatfield v. Commissioner,68 T.C. 895 (1977). Petitioner has offered no evidence whatsoever to establish that he did not act negligently in claiming depreciation deductions clearly in excess of his adjusted basis in the property and therefore on the record before us we must sustain respondent's determination. Bixby v. Commissioner,58 T.C. 757, 792 (1972). Accordingly, the addition to tax under section 6653(a) for 1979 was properly determined. [8]
*430 Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years in issue.↩
2. Petitioner contends that the stipulation of facts should be considered void since it was not signed prior to the time of trial. Rule 91(b), Tax Court Rules of Practice and Procedure↩ does not require the stipulation of facts to be signed prior to trial, instead it must merely be signed. Both petitioner and respondent signed the stipulation during the course of the proceedings, and, therefore, we reject petitioner's claim.
3. Petitioner purchased the property from the owner who was facing a possible foreclosure if he did not sell the property and pay off the mortgage.↩
4. After the disallowance of the depreciation, the remaining itemized deductions claimed on the 1978 return were below the zero bracket amount and respondent thus allowed petitioner the standard deduction.↩
5. Petitioner asserts that his purchase of the property was essentially a forced sale since the owner was facing foreclosure and that the true fair market value of the property was $70,000.↩
6. No issue was raised concerning any limitation on the depreciation "allowed" for the years 1975-77 under the tax benefit rule, see sec. 1.1016-3(b) and (e), Income Tax Regs.↩, and it is impossible to determine with any degree of certainty on the record before us whether petitioner benefitted fully tax wise from the depreciation deductions claimed and "allowed" in the years prior to 1978. Under the circumstances, we must abide by respondent's determination that petitioner's adjusted basis in the house had been exhausted by prior years depreciation.
7. See also Showalter v. Commissioner,T.C. Memo. 1974-40↩, (1974).
8. Petitioner for the first time at trial claimed a business expense for mileage incurred in his business. On brief petitioner has again raised this issue. At the trial respondent's objection to petitioner's raising this new issue was sustained and therefore, we decline to pass on the merits of petitioner's claim.↩