**Donald P. and Hilda BROTHERMAN**

v.

**The UNITED STATES.**

No. 446–82T.

United States Claims Court.

Oct. 10, 1984.

Thomas R. Helfand, Dallas, Tex., for plaintiffs.

Michael V. Marino, Washington, D.C., with whom was Asst. Atty. Gen., Glenn L. Archer, Jr., Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This case is before the Court on cross motions for partial summary judgment. The plaintiffs Donald P. Brotherman and Hilda Brotherman claim to have overpaid their taxes for the years 1976, 1977, and 1978. The Internal Revenue Service (IRS) disallowed their deduction of plaintiff Donald P. Brotherman's distributive share in the losses of two partnerships, and it assessed a deficiency, which the plaintiffs paid. They now seek a refund of $12,-585.57 plus interest.

The plaintiffs' motion concerns one of those partnerships, Cable T.V. of Meyers South Tahoe, Ltd. (the partnership).

## FACTS

The parties have agreed on the following facts:

Cable T.V. of Meyers South Tahoe, Ltd. is a limited partnership formed on or before December 1, 1976 to acquire, own, and operate a community antenna television system (CATV), including "AML" transmitting and receiving equipment, located in and around Meyers, California. Plaintiff Donald P. Brotherman became a partner immediately and remained a partner during the years 1976, 1977, and 1978. On December 1, 1976, the partnership bought a recently constructed, unlicensed CATV from MTI Microwave Systems, Ltd. MTI had applied for a license, but on January 13, 1977 the Federal Communications Commission (FCC) advised it that its application was incomplete. MTI answered that it had sold the system and that the FCC would

receive the requested information from Cable T.V.'s general partner, Communication Systems, Inc. On February 7, 1977, counsel informed the general partner that it should file a new application with the FCC. The general partner did so, and the FCC granted the license on March 30, 1979. The partnership received its first subscription revenue and installation fees on or about August 25, 1978.

From 1976 to 1978 the partnership reported net operating losses, claiming that it had incurred ordinary and necessary business expenses. Plaintiff Donald P. Brotherman deducted his distributive share of these losses. The IRS disallowed the deductions on the ground that the partnership was not carrying on a trade or business within the meaning of § 162(a) of Title 26 U.S.C., the Internal Revenue Code of 1954, as amended (IRC).

The plaintiffs have moved for partial summary judgment to determine as a matter of law that revenue collection and an FCC license are not prerequisites to a CATV partnership's carrying on a trade or business if the partnership has acquired a CATV system.[*] The defendant has cross moved for partial summary judgment. Precedent compels the Court to hold that the partnership was carrying on a trade or business during the years in question.

## DISCUSSION

IRC § 162(a) provides: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. . . ." The issue is whether the partnership was engaged in a trade or business before it received its license or its first revenue.

The Government asserts that this case is indistinguishable from *Richmond Television Corp. v. United States,* 345 F.2d 901 (4th Cir.1965), *vacated and remanded on*

---

[*] The defendant objects that the plaintiffs' motion presents an abstract question. The Court will construe the motion to apply only to this partnership under these facts. *Cf.* RUSCC 8(f).

This Court does not now decide whether the partnership's expenses were ordinary and necessary.

*other grounds* 382 U.S. 68, 86 S.Ct. 233, 15 L.Ed.2d 143 (1965). In *Richmond* a corporation organized to operate a television station deducted amounts paid to train employees in the techniques of television broadcasting. The payments were made before the corporation had an FCC license. A jury found that the taxpayer was engaged in a trade or business when it made the payments, and the District Court entered judgment for the taxpayer. The Fourth Circuit reversed, noting:

> [E]ven though a taxpayer has made a firm decision to enter into business and over a considerable period of time spent money in preparation for entering that business, he still has not "engaged in carrying on any trade or business" within the intendment of section 162(a) until such time as the business has begun to function as a going concern and performed those activities for which it was organized.
>
> ... We are of the opinion, therefore, that the District Court was in error in failing to hold as a matter of law that Richmond Television was not in business until 1956, when it obtained the license and began broadcasting. Until then there was no certainty that it would obtain a license, or that it would ever go on the air. Since all the expenditures underlying the disputed deductions were made before the license was issued and broadcasting commenced, they are "pre-operating expenses," not deductible under section 162(a).

*Id.* at 907. *See also Goodwin v. Commissioner*, 75 T.C. 424 (1980), *aff'd without published opinion* 691 F.2d 490 (3d Cir. 1982) (partnership formed to build and operate low-income housing was not carrying on trade or business before first tenants moved in); *cf. Madison Gas and Electric Co. v. Commissioner*, 633 F.2d 512 (7th Cir.1980) (Utility that had formed joint venture to construct nuclear plant could not deduct employee training expenses paid until actual business operations commenced; expenses were pre-operational and had to be capitalized.).

Another line of cases has reached the opposite result. In *Blitzer v. United States*, 684 F.2d 874 (Ct.Cl.1982) (per curiam), the plaintiff had an interest in a limited partnership formed to build and operate low-income housing. The partnership paid an administrative management fee before it had finished any apartments, had received an occupancy permit, or had collected rent. The IRS disallowed the plaintiff's deduction, arguing that the partnership was not engaged in a trade or business before it had built or rented any apartments.

The United States Court of Claims, however, held that the partnership was carrying on a business. The Court believed that "since the enactment of the 1939 Code predecessor to I.R.C. § 212, the function of 'trade or business,' in I.R.C. § 162(a) has been merely to render nondeductible 'personal' or 'family' expenses." *Id.* at 879 (citing *Commissioner v. Tellier*, 383 U.S. 687, 689, 86 S.Ct. 1118, 1119, 16 L.Ed.2d 185 (1966); *United States v. Gilmore*, 372 U.S. 39, 45–46, 49, 83 S.Ct. 623, 627–628, 9 L.Ed.2d 570 (1963)). The partnership's activity showed that it was aiming to earn money; therefore its expenses were nonpersonal and deductible. By the time it paid the administrative fee,

> the partnership had acquired the land, had arranged for financing of the project, had executed its building loan agreement and given a note therefor, had received substantial funds, and had prepared plans for actual construction of its apartments (which began shortly thereafter). By any proper criterion for determining whether the partnership was then carrying on its "trade or business," we have to conclude that it was doing so
> ....

*Id.* at 880. *See also 379 Madison Ave., Inc. v. United States*, 60 F.2d 68 (2d Cir. 1932) (Corporation formed to erect and manage buildings began construction in 1922 and finished in 1923. Corporation could deduct its current expenses for 1922 under § 204(b) of the Revenue Act of 1921, which allowed deduction of losses "resulting from the operation ... of any trade or

business regularly carried on by the taxpayer."); *United States v. Manor Care, Inc.*, 490 F.Supp. 355 (D.Md.1980) (Under § 162(a), nursing home could deduct expenses incurred before the home received operating license or accepted patients.).

In the present case, the partnership incurred the expenses in question when it already owned a CATV system. A license application was before the FCC. The partnership aimed to make a profit; its expenses were not personal. This Court therefore must find that the partnership was engaged in a trade or business within the meaning of § 162(a) as interpreted by *Blitzer.* Holdings of the United States Court of Claims bind this Court. General Order No. 1, 1 Cl.Ct. XXI (1982); *see also South Corp. v. United States*, 690 F.2d 1368, 1370 n. 2 (Fed.Cir.1982) (Federal Circuit sitting *en banc* can overturn decisions of the Court of Claims.).

This Court grants the plaintiffs' motion for partial summary judgment and denies the defendant's motion for partial summary judgment.