**Lyle S. SIMONSON and Donna Simonson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 84–5127.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 11, 1984.

Decided Jan. 15, 1985.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, John A. Dudeck, Jr., Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee.

Jeffrey R. Hannig, Gunhus, Grinnell, Klinger, Swenson & Guy, Barry Hogan, Moorhead, Minn., for appellants.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

LAY, Chief Judge.

Taxpayers Lyle and Donna Simonson appeal an order of the district court[1] granting summary judgment in favor of the United States and denying the Simonsons' cross motion for summary judgment. We affirm.

**Facts**

Taxpayers worked at the American Crystal Sugar plant in Moorhead, Minnesota from the mid-1970's through 1980. In December of 1979, the Simonsons purchased a semi-truck and trailer from a trucker who hauled grain between Mahnomen, Minnesota and Duluth, Minnesota. The truck and trailer were ready to be placed into service on the date of purchase. Although taxpayers had never hauled grain for profit before, Lyle Simonson intended to quit his job and start a grain hauling business as soon as practicable.

In January of 1980, former President Carter imposed an embargo on the selling of grain to the Soviet Union. Grain hauling activity between Mahnomen and Duluth decreased markedly. The Simonsons decided not to enter the grain hauling business, and Lyle retained his job at American

---

**1.** The Honorable Edward J. Devitt, Senior United States District Judge for the District of Minnesota, presiding.

Crystal Sugar. Taxpayers never used the truck and trailer for any profit-making activity, and sold the property in 1982.

Taxpayers claimed investment tax credits and deductions for depreciation and business operating expenses relating to the truck and trailer on their 1979 and 1980 tax returns. The Simonsons also amended their 1976 and 1977 returns to carry back excess investment tax credit. On audit, the Commissioner of Internal Revenue disallowed their claimed deductions and tax credits. The Simonsons paid the amount of the tax deficiency, interest, and penalties, and filed timely refund claims. Following denial of their claims, taxpayers brought suit in the district court. The district court granted summary judgment in favor of the government and dismissed the Simonsons' suit for refund.

## Discussion

■ The Simonsons contend that they are entitled to depreciation deductions on a truck and trailer purchased with the intent to start a grain hauling business, but never used for that or any other profit-making purpose.[2] We agree with the government, however, that because taxpayers never engaged in any business involving the truck and trailer, they cannot claim depreciation deductions on the property.

■ Section 167(a) of the Internal Revenue Code of 1954, I.R.C. § 167(a) (1982), provides:

(a) **General Rule.**

**2.** Plaintiffs also argue that they should be allowed to take an investment tax credit for the purchase of the truck and trailer. I.R.C. § 38 (1982) provides for a credit against taxes imposed under subpart B of the relevant chapter where a taxpayer invests in certain depreciable property. The term "section 38 property" is defined in I.R.C. § 48(a) (1982). Section 48(a) limits section 38 property to "property with respect to which depreciation * * * is allowable * * *." *Id.* Because we hold that plaintiffs are not entitled to a depreciation deduction on the truck and trailer, it follows that plaintiffs' claimed tax credit must also be disallowed. *See Gross v. Comm'r,* 31 T.C.M. (CCH) 1098, 1100–01 (1972).

**3.** Section 167(a)(2) allows a depreciation on property "held for the production of income."

There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence)—

(1) of property used in the trade or business, or

\* \* \* \* \* \*

Taxpayers cannot claim a depreciation deduction unless the truck and trailer were "used in the trade or business." The statutory phrase has been interpreted to mean that the property at issue must be "devoted" to trade or business.[3] *See Nulex, Inc. v. Commissioner,* 30 T.C. 769, 775 (1958). Although idled property once used in trade or business remains in such use until withdrawn or abandoned, unused property purchased for a non-existent future commercial enterprise is not "used for trade or business." *See Richmond Television Corp. v. United States,* 345 F.2d 901, 909 (4th Cir.), *vacated and remanded on another issue,* 382 U.S. 68, 86 S.Ct. 233, 15 L.Ed.2d 143 (1965) (per curiam), *reversed on another issue,* 354 F.2d 410 (4th Cir. 1965), *superseded on another issue, NCNB Corp. v. United States,* 684 F.2d 285 (4th Cir.1982); *Petrich v. Commissioner,* 40 T.C.M. (CCH) 303 (1980), aff'd by unpublished order, (9th Cir. Mar. 4, 1982); *Whitcomb v. Commissioner,* 35 T.C.M. (CCH) 793, 800–01 (1976); *Nulex, Inc.,* 30 T.C. at 775.

Taxpayers argue that because the truck and trailer were "placed in service" as described in IRS Reg. § 1.167(a)–10,[4] it is

Property is held for the production of income when it produces recurring income, or when it is expected to produce gains upon its disposition. *See Mitchell v. Comm'r,* 47 T.C. 120, 128 (1966). Plaintiffs never rented or leased the truck and trailer, nor did the sale of the property produce gains. Plaintiffs do not argue that section 167(a)(2) applies to the truck and trailer.

**4.** Treas.Reg. § 1.167(a)–10 (1956) provides in relevant part:

When depreciation deduction is allowable.

\* \* \* \* \* \*

(b) The period for depreciation of an asset shall begin when the asset is placed in service and shall end when the asset is retired from service.

irrelevant that the property was never actually used. Taxpayers fail to recognize, however, that the IRS regulation "answers the question of when a taxpayer *who is in business* may begin to depreciate an asset." *Richmond Television Corp.*, 345 F.2d at 909 n. 12 (emphasis in original). Because plaintiffs never entered the grain hauling business, or used the truck and trailer in any other commercial enterprise, they cannot claim depreciation deductions on the property. *Cf. Sears Oil Co. v. Commissioner*, 359 F.2d 191, 198 (2d Cir.1966) (distinguishing allowed depreciation deduction on property purchased for use in ongoing business and ready for service but not actually put to use in tax year in which depreciation taken from disallowed depreciation deductions "on the grounds that * * the taxpayer was not yet in the business for which the depreciable assets had been purchased.").

Taxpayers further claim they are entitled to a deduction pursuant to I.R.S. § 162(a) (1982) for ordinary and necessary expenses incurred in maintaining the truck and trailer "in a condition suitable for their intended use."[5] Again, however, the Simonsons fail to make the distinction between expenditures made in furtherance of an ongoing business presently idle, and money spent on property intended for use in a future commercial enterprise. Until a business is functioning as an ongoing concern, a taxpayer is not engaged in "carrying on any trade or business" within the meaning of section 162(a). *See Richmond Television Corp.*, 345 F.2d at 907; *Mayrath v. Commissioner*, 41 T.C. 582, 590 (1964), *aff'd*, 357 F.2d 209 (5th Cir.1966). Because taxpayers were never involved in any commercial enterprise using the property, they are not entitled to deduct any maintenance expenses.

The district court order granting summary judgment in favor of the United States is affirmed.

5. Section 162(a) provides in relevant part:
   (a) **In general**
      There shall be allowed as a deduction all the ordinary and necessary expenses paid or

incurred during the taxable year in carrying on any trade or business, including * * *