WILLIAM J. & LOIS M. WALSH, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Walsh v. Commissioner
Docket No. 20150-84.
United States Tax Court
T.C. Memo 1988-242; 1988 Tax Ct. Memo LEXIS 272; 55 T.C.M. (CCH) 994; T.C.M. (RIA) 88242; May 31, 1988. William J. Walsh, pro se. Jennifer H. Decker, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies of $ 1,560.33 and $ 5,597.17 for taxable years ending December 31, 1980 and December 31, 1981, respectively. After concessions, [1] the issues for determination are: (1) whether petitioners may deduct pre-opening expenditures incurred during taxable year 1981 with respect to a restaurant; and (2) whether assets purchased by petitioners during taxable year 1981 for use in the restaurant were placed in service during that year so as to qualify for depreciation and the investment tax credit. *274 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Cincinnati, Ohio, when they filed their petition in this case. On their Form 1040 returns for the taxable years in issue, petitioner William J. Walsh listed his occupation as "management services." [2] During the taxable years in issue, petitioner Louis M. Walsh was a market analyst for the Procter & Gamble Company. In November, 1981, petitioners leased a building in Cincinnati and embarked on substantial repairs and improvements to ready the building to open as a restaurant. During taxable year 1981, petitioners expended $ 3,547.87 in connection with establishing a restaurant called *275 the Bread Basket restaurant. In 1981, petitioners also purchased assets for use in the restaurant. [3] Petitioners opened the Bread Basket Restaurant to customers in March of 1982. On their 1981 Form 1040, Schedule C, petitioners claimed expenses of $ 3,547.87, depreciation of $ 3,243.92 and an investment tax credit of $ 2,162.61 in connection with the Bread Basket Restaurant. In his notice of deficiency dated March 23, 1984, respondent disallowed the expenses, the depreciation and the investment tax credit. OPINION The first issue for determination is whether petitioners may deduct the $ 3,547.87 of expenditures incurred with respect to the creation of the Bread Basket Restaurant. Respondent asserts that as the Bread Basket Restaurant did not open until March, 1982, these expenditures are start-up costs which may not be deducted in taxable year 1981 under Section 195. [4] Petitioners contend that the deductions claimed for start-up costs should be allowed as ordinary and necessary *276 business expenditures in taxable year 1981 under sections 162 and 212. Further, petitioners allege that the opening of the Bread Basket Restaurant was delayed until 1982 due to reasons beyond their control. Section 195 provides that pre-opening or start-up expenses are not deductible in the year incurred but may be amortized, at the election of the taxpayer, over a period not less than 60 months beginning with the month in which the taxpayer begins business. [5] Prior to the enactment of section 195, the deduction of pre-opening expenses was determined under sections 162 and 212. Section 195 is effective with respect to amounts paid or incurred after July 29, 1980, in taxable years ending after that date. When section 195 was enacted in 1980, Congress believed that pre-opening expenses were normally not deductible under either section 162(a) or section 212. See S. Rept. No. 96-1036, at 10 (1980), 1980-2 C.B. 723, 724. See also Johnsen v. Commissioner,794 F.2d 1157, 1163 (6th Cir. 1986), *277 revg. and remanding 83 T.C. 103 (1984). Thus, section 195 is an elective method by which an individual can amortize start-up expenditures. [6]
*278 Respondent asserts that all of the expenses incurred in 1981 by petitioners in connection with the Bread Basket Restaurant are pre-opening expenses. Respondent maintains that these pre-opening expenses are not deductible in 1981 because the Bread Basket Restaurant had not yet begun business. Section 195; Richmond Television Corp. v. United States,345 F.2d 901, 907 (4th Cir. 1965), vacated on other grounds 382 U.S. 68 (1965). We agree with respondent. Although petitioners made a firm commitment in 1981 to enter into the restaurant business, the Bread Basket Restaurant had not "begun to function as a going concern and performed those activities for which it was organized." Richmond Television Corp. v. United States,345 F.2d at 907. Petitioners assert that their restaurant business began when they acquired assets for use in the restaurant and executed a lease for the premises. Further, petitioners claim that the Cincinnati Health Department prevented the opening of their restaurant and but for the Cincinnati Health Department's intervention, the restaurant would have opened as planned in December, 1981. These arguments are irrelevant *279 to this determination. Petitioners state that they did not amortize their start-up expenses because the Bread Basket Restaurant did not have a useful life of at least 60 months. We recognize that petitioners did not make a timely election under section 195 in the mistaken belief that they could obtain a current deduction under either section 162(a) or section 212. However, the restaurant could not function as a going concern until its opening to the public. The restaurant opened to the public in March, 1982. Petitioners did not make an election under section 195 in taxable year 1981. Consequently, respondent properly disallowed petitioners' deduction of $ 3,547.87. [7]
*280 The second issue for determination is whether assets purchased by petitioners during taxable year 1981 for use in the restaurant were placed in service during that year so as to qualify for depreciation and the investment tax credit. Respondent asserts that as petitioners did not open the Bread Basket Restaurant until March of 1982, depreciation and the investment tax credit claimed for assets purchased for use in that business may not be allowed. Petitioners contend that the Bread Basket equipment was installed, operating and in use in taxable year 1981. Section 167(a) provides in part: There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) -- (1) of property used in the trade or business, or (2) of property held for the production of income. Section 1.167(a)-10(b), Income Tax Regs., provides that the "period for depreciation of an asset shall begin when the asset is placed in service." Section 1.167(a)-11(e)(1)(i), Income Tax Reg., provides: Property is first placed in service when first placed in a condition or state of readiness and availability for a specifically *281 assigned function * * *. In general, the provisions of paragraph (d)(1)(ii) and (d)(2) of section 1.46-3 shall apply for the purpose of determining the date on which property is placed in service * * *
Section 1.46-3(d) provides in pertinent part: (1) For purposes of the credit allowed by section 38, property shall be considered placed in service in the earlier of the following taxable years: (i) The taxable year in which, under the taxpayer's depreciation practice, the period for depreciation with respect to such property begins; or (ii) The taxable year in which the property is placed in a condition or state of readiness and availability for a specifically assigned function * * * Depreciation and investment tax credits are not allowed on assets acquired for a business that has not begun operations. Piggly Wiggly Southern, Inc. v. Commissioner,84 T.C. 739, 744-746 (1985), affd. 803 F.2d 1572 (11th Cir. 1986); Richmond Television Corp. v. United States,354 F.2d 410 (4th Cir. 1965). See also Simonson v. United States,752 F.2d 341 (8th Cir. 1985); Petrich v. Commissioner,676 F.2d 712 (9th Cir. 1982). *282 [8]
In the instant case, respondent's *283 determination is presumptively correct and the burden is on petitioners to prove entitlement to the claimed depreciation and credit. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). As a general rule, an asset subject to depreciation and the investment tax credit is placed in service when it is acquired and put into use in a trade or business. See Cooper v. Commissioner,542 F.2d 599 (2d Cir. 1976), affg. a Memorandum Opinion of this Court; Madison Newspapers, Inc. v. Commissioner,47 T.C. 630, 633 (1967). [9] Equipment located in a restaurant, which is to be used in connection with the trade or business conducted in the restaurant, is placed in service upon the opening of the restaurant. The Bread Basket Restaurant opened in March, 1982. As such, the cost of the equipment did not contribute to, and therefore should not be charged against, income for an accounting period prior to the years in which the restaurant was open for business. See Massey Motors v. United States,364 U.S. 92, 104 (1960). *284 Petitioners assert that they did all in their power to place the equipment in service and that the Cincinnati Health Department held up the opening of the restaurant. On the record, we cannot determine that petitioners did all in their power to ensure the opening of the Bread Basket Restaurant in December, 1981. Indeed, the evidence before us highlights the extensive remodeling job which petitioners undertook. In light of such a large job, we cannot determine on the sparse record before us that the failure of the Bread Basket Restaurant to open in December, 1981 was definitely the fault of the Cincinnati Health Department. More importantly, petitioners brought forth no evidence or testimony concerning the nature of the assets purchased for the restaurant and on which petitioners claimed depreciation and the investment tax credit. It is virtually impossible for us to determine if these assets were in a state of readiness or were available for a specifically assigned function without knowing what these assets were. We find that petitioner failed to satisfy the placed in service requirements of sections 1.167(a)-10(b), 1.167(a)-11(e)(1) and 1.46-3(d), Income Tax Regs. Therefore, *285 we sustain respondent's disallowance of depreciation and investment tax credit for assets of the Bread Basket Restaurant purchased in taxable year 1981. We have considered petitioners' other arguments and found them to be without merit. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Petitioners concede that they are not entitled to a $ 1,233.33 investment tax credit claimed for taxable year 1980 with respect to a tractor used in their equipment leasing business. Respondent concedes that petitioners are entitled to a $ 1,287.26 depreciation deduction claimed for each of the taxable years in issue relative to petitioners' 1975 Cadillac Coupe Deville. ↩
2. It is unclear from the record what occupation petitioner William J. Walsh performed. His W-2 lists his employer as the University of Cincinnati. During 1980, petitioner was also employed by Chem-Dyne Corp. For both taxable years in issue, he filed Schedule C-1 for a business whose main activity was management services, claiming gross receipts of $ 4,785.40 in 1980 and $ 34,238.96 in 1981. ↩
3. It is unclear from the record what these assets included. On their 1981 Form 1040 return, petitioners state that the asset or assets were 5-year property with a cost basis of $ 21,626.10. ↩
4. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
5. Section 195 stated: (a) Election To Amortize. -- Start-up expenditures may, at the election of the taxpayer, be treated as deferred expenses. Such deferred expenses shall be allowed as a deduction ratably over such period of not less than 60 months as may be selected by the taxpayer (beginning with the month in which the business begins). (b) Start-Up Expenditures. -- For purposes of this section, the term "start-up expenditure" means any amount -- (1) paid or incurred in connection with -- (A) investigating the creation or acquisition of an active trade or business, or (B) creating an active trade in business, and (2) which, if paid or incurred in connection with the expansion of an existing trade or business (in the same field as the trade or business referred to in paragraph (1)), would be allowable as a deduction for the taxable year in which paid or incurred. (c) Election. -- (1) Time for Making election. -- An election under subsection (a) shall be made not later than the time prescribed by law for filing the return for the taxable year in which the business begins (including extensions thereof). (2) Scope of Election. -- The period selected under subsection (a) shall be adhered to in computing taxable income for the taxable year for which the election is made and all subsequent taxable years. (3) Manner of Making Election. -- An election under subsection (a) shall be made in such manner as the Secretary shall by regulations prescribe. (d) Business Beginning. -- For purposes of this section, an acquired trade or business shall be treated as beginning when the taxpayer acquires it. ↩
6. In the Tax Reform Act of 1984, sec. 94(a), Pub. L. 98-369, 98 Stat. 614, Congress clarified its intent with respect to the election under section 195 with respect to the treatment of start-up expenses and added this phrase to the beginning of section 195: (a) Capitalization of Expenditures. -- Except as otherwise provided in this section, no deduction shall be allowed for start-up expenditures. ↩
7. Petitioners note that some start-up expenses may be deductible in a section 212(2) circumstance. Hoopengarner v. Commissioner,80 T.C. 538 (1983), affd. without published opinion 745 F.2d 66 (9th Cir. 1985). However, the Sixth Circuit has found the Hoopengarner case "an unduly narrow interpretation" which emasculates the "pre-opening expense doctrine." Johnsen v. Commissioner,794 F.2d 1157, 1162 (6th Cir. 1986), reversing and remanding 83 T.C. 103 (1984). See also Fishman v. Commissioner,837 F.2d 309 (7th Cir. 1988), revg. a Memorandum Opinion of this Court, and Aboussie v. United States,779 F.2d 424 (8th Cir. 1985). Following our holding in Golsen v. Commissioner,54 T.C. 742, 757 (1970), affd. 445 F.2d 985 (10th Cir. 1971), we follow the Sixth Circuit's interpretation of pre-operating expenses. Petitioners made passing reference that the prior tenant at the Bread Basket Restaurant also operated a restaurant. However, we cannot find from the record and indeed doubt that the Bread Basket Restaurant was an acquired trade or business under sec. 195(d). Petitioners cite United States v. Manor Care, Inc.,490 F. Supp. 355 (D. Md. 1980), and Blitzer v. United States,,684 F.2d 874 (Ct. Cl. 1982), in support of their entitlement to pre-operating expenses. However, these cases did not involve expenses incurred post-July 1980, the effective date of section 195. Moreover, the Court found that these taxpayers had begun operating their businesses during the years in which the start-up expenses occurred. Brotherman v. United States,6 Cl. Ct. 407 (1984), and Snyder v. United States,674 F.2d 1359↩ (10th Cir. 1982), are likewise distinguishable. 8. Petitioners cite three cases in support of their argument. First, petitioners cite Piggly Wiggly Southern, Inc. v. Commissioner,84 T.C. 739 (1985), affd. 803 F.2d 1572 (11th Cir. 1986), as supporting their entitlement to depreciation and investment tax credit. While we allowed depreciation and the investment tax credit for assets placed in service in remodeled stores, we did not allow depreciation and the investment tax credit in new and relocated stores. Here, petitioners' restaurant is a new concern and was not an already operating albeit remodeled business concern. Sears Oil Co. v. Commissioner,359 F.2d 191 (2d Cir. 1966), and SMC Corp. v. United States, an unreported case (E.D. Tenn. 1980), affd. per curiam 675 F.2d 113 (6th Cir. 1982), are distinguishable from the instant case in that these cases involve taxpayers who already were engaged in the business for which the equipment was purchased. In this regard, Schrader v. Commissioner,582 F.2d 1374↩ (6th Cir. 1978), affg. a Memorandum Opinion of this Court, is distinguishable from the case at hand. 9. The regulation examples confirm that the "placed in service" requirement is met when an asset is in a state of readiness and is available for a specifically assigned function in an operating trade or business. See sec. 1.46-3(d)(2), Income Tax Regs.↩